IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHNTA Q. BARBER                                                                           PLAINTIFF

v.                                              4:08CV04115HLJ

T.SHOCK, et al.                                                                          DEFENDANTS

ORDER

      This matter is before the Court on defendant Gramtham's motion to set aside summons and service of process (DE #22), and defendant Shock's motion for leave to file an answer out of time (DE #24). Both defendants also have filed a response to plaintiff's motion for default judgment, asking that the March 4, 2009 entry of default against them be set aside (DE #26). Plaintiff has filed responses in opposition to the motions and requests (DE ##28, 29).

      By Order dated March 4, 2009, this Court granted plaintiff's motion for entry of default with respect to defendants Gramtham and Shock, who were served with a copy of plaintiff's complaint on January 14, 2009, but had not filed an answer (DE ##13, 14). The Court further directed defendants to respond to plaintiff's motion for a default judgment against them. Defendant Gramtham responds with his motion to set aside service of process, stating an employee at the Faulkner County Judge's Office accepted service on his behalf, not knowing he was no longer employed with Faulkner County. Defendant states since he was not employed with Faulkner County at the time of service and never received the summons and service, he has not been properly served pursuant to Fed.R.Civ.P. 4.

      Defendant Shock responds to the March 4, 2009 Order with his motion for leave to file his answer out of time, stating he, too, was not aware of the lawsuit filed against him, as summons was received by an employee of the Faulkner County Judge's Office and was not forwarded to him. Defendant Shock states Fed.R.Civ.P. 6(b) permits the filing of an answer out of time where the failure to file was due to excusable neglect. Finally, both defendants ask the Court to set aside the entry of

1

default against them, stating they did not receive a copy of the certified mail which was delivered to the Faulkner County Judge's Office.

In his responses, plaintiff states defendant Gramtham was an employee of Faulkner County at the time the incidents at issue in his complaint took place, and both defendants were properly served at the address for the Faulkner County Sheriff's Office. Plaintiff asks that default not be set aside.

Pursuant to Fed.R.Civ.P. 55(c), entry of default may be set aside "for good cause shown." In addition, Fed.R.Civ.P. 6(b) provides for the filing of a late response "where the failure to act was the result of excusable neglect." The Court finds, from the defendants' motions, that good cause has been shown to set aside the entry of default against them, and that excusable neglect excuses the late filing of defendant Shock's answer. Furthermore, defendant Gramtham's motion to set aside the summons and service will be granted. Defendants will be directed to provide Gramtham's last-known address to the Court so that proper issuance of summons and service of process may be effected. Therefore, the Court will grant defendants' motions and will deny plaintiff's motion for a default judgment against defendants. Accordingly,

IT IS, THEREFORE, ORDERED that defendant Gramtham's motion to set aside summons and service against him (DE #22) is hereby GRANTED. Defendants shall provide the last-known address of defendant Gramtham within ten days of the date of this Order.

IT IS FURTHER ORDERED that defendant Shock's motion for leave to file an answer out of time (DE #24) is hereby GRANTED, and the attached answer shall be filed.

IT IS FURTHER ORDERED that defendants' request to set aside the entry of default (DE #26) is hereby GRANTED.

IT IS FURTHER ORDERED that the March 4, 2009 entry of default against defendants is hereby SET ASIDE.

IT IS FURTHER ORDERED that plaintiff's motion for a default judgment against defendants

(DE #15) is hereby DENIED.

      IT IS SO ORDERED this 30th day of March, 2009.

                                                _____
                                                United States Magistrate Judge