IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHNTA Q. BARBER,
ADC #143617                                                                                              PLAINTIFF

v.                                              4:08CV04115BSM/HLJ

T. SHOCK, et al.                                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on defendants' motion for summary judgment (DE #48). Plaintiff has filed a response in opposition to the motion (DE #57). By Order dated October 19, 2009, the Court directed the parties to file additional briefs and evidence addressing several questions set forth by the Court. The parties have now complied with that Order (DE ##62, 63).

Plaintiff is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging a denial of his constitutional rights while incarcerated as a pretrial detainee at the

Faulkner County Detention Center (Jail) from April 2007 until January, 2009. Specifically, plaintiff alleges defendants Shock and Grantham, correctional officers at the Jail, entered his cell in March, 2008, ordered him to stack his mat and prohibited further daytime use of it, due to a change in policy. Plaintiff alleges defendant Grantham retaliated against him because the two had been involved in a verbal altercation several days prior to the incident. Plaintiff also claims that defendants failed to properly respond to his grievances. Plaintiff asks for monetary relief from the defendants.

According to the mostly undisputed facts set forth by the parties in their Statements (DE ##50, 59), and in the subsequent briefs filed pursuant to the Court's October 19, 2009 Order (DE ##62, 63), at the time plaintiff entered the Jail in April, 2007, he informed officers at the Jail of a pre-existing back condition as a result of an automobile accident in which he was involved several years before. The Jail also received medical records from Doctor's Pain Management in Orlando, Florida, indicating plaintiff was involved in an automobile accident on March 21, 2004, and was treated at that clinic for back pain on August 15, 2004, August 19, 2004, August 30, 2004, and September 13, 2004.

In August, 2007, plaintiff submitted a medical request about lower back pain, and was seen by the Jail nurse on August 23, 2007, and received Naproxen. On August 28, 2007, plaintiff was again treated for low back pain and was given Robaxin. The nurse also approved plaintiff for daytime use of his mat until his follow-up with the doctor on September 7, 2007. Plaintiff returned with complaints of back pain on September 12, 2007,

and received another prescription for Robaxin, together with permission to use the mat in the day time.  Plaintiff filed another complaint and doctor request on September 14, 2007.

On March 31, 2008, defendants Grantham and Shock told plaintiff to stack his mat and stated he could no longer use it in the day time due to a change in policy.  According to the affidavits submitted by these defendants, either a jail doctor or nurse informed them that plaintiff was no longer authorized to use his mat during the day time (DE #62, Exs. 1, 2). Plaintiff wrote a grievance about this, which was responded to by a non-party officer, Sgt. Snyder, who stated plaintiff would have to provide civilian documentation approving day time use of a mat.  Plaintiff states he asked Nurse Snyder, a non-party, why his mat was taken and she told him she reviewed his file and determined that a nurse, not a doctor, had originally authorized his day time use, which was not appropriate.  Although plaintiff then, in April, 2008, completed a medical release form directed to Orlando Regional Healthcare, a Jail official provides an affidavit which states such records were never received by the Jail (DE #62, Ex. 3).

Plaintiff states he filed a medical request form in May, 2008, and was seen by a Jail doctor and nurse concerning his back condition.  Plaintiff also states he continues to suffer from chronic lower back pain, for which he is currently being treated at the ADC. Defendants state plaintiff's ADC records indicate he is in good - excellent physical condition and has been medically-classified as "M-1", the highest physical health classification (DE #62).

## II.  Summary Judgment Motion

### A.  Defendants' Motion

In support of the motion, defendants state plaintiff was not denied adequate medical care and fails to support a finding that defendants acted with deliberate indifference to his serious medical needs.  Defendants state plaintiff's dissatisfaction with the course of his treatment does not support a constitutional claim against them.  Defendants also note plaintiff did not file a grievance or request regarding any back pain from September 14, 2007 until March 31, 2008, and did not provide additional documentation in support of his need for a mat after that time. With respect to the retaliation claim, defendants state plaintiff does not allege he was retaliated against for the exercise of any Constitutional right, and absent such, can not maintain a claim.  Finally, defendants state plaintiff does not have a constitutional right to receive responses to his grievances citing Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam), and they are entitled to qualified immunity absent any constitutional violations.

### B.  Plaintiff's Response

In his response, plaintiff states the non-medical staff at the Jail intentionally interfered with his medically-prescribed treatment when they required him to stack his mat during the daytime, and as a result he suffered from unnecessary pain.  He states while the medical staff provided him nothing more than painkillers and denied needed remedial treatment, the mat which was provided to him helped to alleviate his pain "a little."  (DE

#58). He complains the medical staff did not inform him of the problem with the daytime use of the mat, and that it was revoked by the non-medical staff. He also states the change was the result of retaliation after he exchanged words with defendant Grantham.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

D. Analysis

Although claims filed pursuant to § 1983 by pretrial detainees are analyzed under the Fourteenth Amendment Due Process clause, rather than the Eighth Amendment (Johnson-El

v. Schoemehl, 878 F.2d 1043 (8th Cir. 1989)), courts apply the same Eighth Amendment deliberate indifference standard to these situations.  See Whitnack v., Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).     In order to support a claim for an Eighth Amendment violation, plaintiff must show that defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 827 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 197 (1976).   Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.  Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995).  Finally, a medical indifference claim must be brought against the individual or individuals directly responsible for the inmate's medical care, Keeper, supra at 1314.

According to the facts as presented by the parties, even if plaintiff's back pain is considered a serious medical need, plaintiff does not provide any evidence to support his allegations that defendants were deliberately indifferent to his need. The actions about which plaintiff complains occurred once, on a single date, when defendants informed him that he could no longer maintain day time use of his mat. Both defendants state, and plaintiff further verifies, that their actions were in response to directions from the medical staff. The grievance plaintiff filed was responded to by a non-party, who explained that the policy had changed and plaintiff needed to file outside medical proof of medical need for the mat. However, such verification was never provided to the Jail. In addition, plaintiff states he filed one sick call after his mat was confiscated, and that he was seen by a Jail doctor and nurse for his back pain. Any grievances filed later by the plaintiff deal with legal mail and other issues. Therefore, the Court finds plaintiff does not provide any evidence that defendants acted with deliberate indifference to his serious medical needs.

In addition, although plaintiff alleges the confiscation of the mat was a retaliatory action by defendant Grantham, he does not allege it was motivated by plaintiff's exercise of a constitutional right. (Otherwise proper acts by prison officials may be actionable under § 1983 if done in retaliation for the exercise of a constitutionally protected right. Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990)). In this case, plaintiff merely alleges he "had words" with defendant Grantham. Such is insufficient to support a retaliation claim.

Finally, as noted by defendants, failure to respond to grievances does not in and of

itself support a constitutional claim.  See <u>Buckley v. Barlow,</u> supra.   Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #48) is hereby GRANTED, and plaintiff's complaint against defendants is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 5th day of November,  2009.

_____
United States Magistrate Judge